UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIROSLAVA TORRES RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al*.,<br><br>Respondents. | NO. C13-42-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

On January 7, 2013, petitioner Miroslava Torres Rodriguez filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of her continued immigration detention. Dkt. No. 1. On February 11, 2013, however, the government filed a motion to dismiss along with documentation which indicates that petitioner was released from immigration detention pursuant to an order of supervision and is no longer detained. Dkt. Nos. 8 and 9. The government asserts that petitioner's habeas petition is, therefore, moot and should be dismissed.

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is

REPORT AND RECOMMENDATION - 1

filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition –release on bond or reasonable conditions – is no longer available and there are no collateral consequences that may be redressed. *See id*. ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). The habeas petition, therefore, has become moot and should be dismissed. *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

DATED this 19th day of February, 2013.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2